# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **ALICE WESTBROOK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 3:17-CV-00534-HGD |
| | ) |
| **NASA FEDERAL CREDIT UNION,** | ) |
| **TWENTY FOUR SEVEN TOWING** | ) |
| **AND RECOVERY, LLC,** | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS

NASA Federal Credit Union ("NASA") hereby moves to be dismissed as a defendant in this action on the basis that Plaintiff Alice Westbrook ("Mrs. Westbrook") does not possess any legal interest in the property at issue and therefore lacks standing to pursue the state law claims being asserted against NASA.

## OVERVIEW OF ALLEGATIONS

This action arises out of the repossession of a 2016 Dodge Charger (the "Vehicle") that was financed through NASA. [Doc. 1 at ¶ 5]. Mrs. Westbrook alleges that the Vehicle was repossessed from her residence on the evening of January 17, 2017 by Defendant Twenty Four Seven Towing and Recovery, LLC ("Twenty Four Seven Towing"). [*Id*. at ¶ 12]. Mrs. Westbrook further alleges that the repossession was made at the direction of NASA. [*Id.*].

1

As a result of the repossession, Mrs. Westbrook has asserted a variety of claims against both NASA and Twenty Four Seven Towing. Among the claims against Twenty Four Seven Towing are alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6), which gives rise to jurisdiction in this Court. [*Id*. at Count Seven]. Mrs. Westbrook also seeks to invoke supplemental jurisdiction over related state law claims against NASA for its alleged negligence, wantonness, conversion, and violations of the Uniform Commercial Code. [*Id*. at Counts One through Six].

It is respectfully submitted that Mrs. Westbrook does not possess standing to assert the state law claims being brought against NASA. In that regard, Mrs. Westbrook concedes on the face of the Complaint that the Vehicle was owned by her late husband at the time of the repossession. [*Id*. at ¶ 5]. Because Mrs. Westbrook at no time held any ownership or possessory rights in the Vehicle, she simply has no standing under Alabama law to assert any claims relating to its repossession.[1]

---

[1] It should be noted that Mrs. Westbrook also concedes that NASA was a secured lienholder on the Vehicle at the time of her husband's death. [*Id*. at ¶ 6]. According to the Complaint, Percy Westbrook died on December 10, 2016. [*Id*. at ¶ 7]. The alleged repossession date was approximately one month later, to wit, January 17, 2017. [*Id*. at ¶ 12].

## ARGUMENT

I. **MRS. WESTBROOK LACKS STANDING TO ASSERT ANY STATE LAW CLAIMS AGAINST NASA ARISING OUT OF THE REPOSSESSION OF HER HUSBAND'S AUTOMOBILE.**

No matter how styled, each of Mrs. Westbrook's claims against NASA is based on the fundamental premise that, because the underlying account "was current and not otherwise in default," NASA lacked the legal authority to direct a repossession of the Vehicle. [*Id.* at ¶ 8]. Mrs. Westbrook has acknowledged, however, that NASA was a secured lienholder on the Vehicle. [*Id.* at ¶ 6]. As such, an analysis of NASA's legal rights and duties must begin with Article 9 of the Uniform Commercial Code as codified at ALA. CODE § 7-9A-101 *et seq*.

Even accepting all factual allegations as true regarding the impropriety of the repossession, it is clear that Article 9 would only extend protection <u>to the actual debtor on the secured obligation</u>. Section 7-9A-625, titled "Remedies for secured party's failure to comply with article," both sets forth the measure of recovery for violations of Article 9 and expressly limits standing to certain classes of persons:

> (b)  *Damages for noncompliance*.  **Subject to subsections (c)**, (d), and (f), a person is liable for damages in the amount of any loss caused by a failure to comply with this article.  Loss caused by a failure to comply may include loss resulting from the debtor's inability to obtain, or increased costs of, alternative financing.
>
> (c) ***Persons entitled to recover damages***; *statutory damages in consumer-goods transaction*.  Except as otherwise provided in Section 7-9A-628:

> (1)  a person that, at the time of the failure, **was a debtor**, **was an obligor**, or **held a security interest in or other lien on the collateral** may recover damages under subsection (b) for its loss; and
>
> (2)  if the collateral is consumer goods, a person that **was a debtor or a secondary obligor** at the time a secured party failed to comply with this part may recover for that failure … .

ALA. CODE § 7-9A-625 (underlining and bold added for emphasis).  Mrs. Westbrook makes no allegation that she was a debtor or obligor on the underlying debt to NASA and, in fact, correctly acknowledges the opposite. [Doc. 1 at ¶ 5].  She thus is without standing to assert any claim arising under Article 9 as pled in Count Six (asserting that NASA "improperly repossessed the Vehicle without a present right to take such action").[2]  [*Id*. at ¶ 44-45].

The same holds true for the allegation of conversion asserted in Count Three.  Mrs. Westbrook therein alleges that NASA's conduct "deprived the Plaintiff of her rightful possession of the Vehicle." [*Id*. at ¶ 30].  Again, however, such an allegation of conversion presupposes that Mrs. Westbrook had a legally recognized right in the Vehicle at the time of its repossession.  As this Court has noted:

> Legal title with immediate right of possession by the plaintiffs to the converted property at the time of conversion is a necessary element of the conversion action.

---

[2] Mrs. Westbrook specifically invokes ALA. CODE § 7-9A-625 in her request for relief.  [Doc. 1 at ¶ 58].

4

*Gadsden Indus. Park, LLC v. U.S.*, 111 F.Supp. 3d 1218, 1232 (N.D. Ala. 2015) (quoting *Roberson v. Ammons*, 477 So. 2d 957, 962 (Ala. 1985)). The Alabama Supreme Court likewise has repeatedly emphasized that a plaintiff alleging conversion must demonstrate his or her own rights in the subject property:

> To establish conversion, a plaintiff must show a wrongful taking or a wrongful detention or interference or an illegal use or misuse **of his or her property**. *Ex parte Anderson,* 867 So. 2d 1125 (Ala. 2003). "To be entitled to the right of recovery for conversion, **plaintiff must have general or special title to the property in question, and the possession or immediate right of possession**; and the party complained against must have wrongfully exerted some act of dominion over such property inconsistent with and destructive of the **title of the party plaintiff**." *Hamilton v. Hamilton,* 255 Ala. 284, 289, 51 So. 2d 13, 18 (1951). "[T]he very gist of detinue is the wrongful detention by the defendant **of the plaintiff's personal property**." *Ray v. Blackwell,* 521 So. 2d 44, 45 (Ala. Civ. App. 1988).

*Ex parte Talbott*, __ So. 3d __, 2015 WL 5725085, *7 (Ala. Sept. 30, 2015) (emphasis added); *see also McGee v. McGee*, 91 So. 3d 659, 667 (Ala. 2012) ("[T]o recover under the count of conversion, *plaintiff must show legal title in himself* to the property at the time of the conversion and his immediate right of possession.") (quoting *State Farm Mut. Auto. Ins. Co. v. Wagnon,* 53 Ala. App. 712, 717, 304 So. 2d 216, 219 (1974)) (emphasis in original); *Riscorp, Inc. v. Norman*, 915 So. 2d 1142, 1153-54 (Ala. 2005) (reversing judgment on conversion claim where the plaintiffs did not establish right of immediate possession); *Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989) (affirming summary judgment on conversion claim where the plaintiff failed to show right of possession).

Finally, Mrs. Westbrook's claims for negligence (Count One & Count Four) and wantonness (Count Two & Count Five) are entirely superfluous of the Article 9 and conversion claims.  Mrs. Westbrook indeed has failed to allege any legal duty or breach that would be independent of those claims.  Rather, she has merely set forth boilerplate allegations that attempt to repackage her Article 9 and conversion claims under generic "negligence" and "wantonness" labels.  Without any allegation sufficient to demonstrate a legal interest in the Vehicle, however, Mrs. Westbrook cannot establish any duty that would have been owed/breached as to her by the repossession.  She thus cannot demonstrate standing to assert claims for negligence or wantonness—even if such claims otherwise were viable in the repossession context.[3]  *See, e.g., Blevins v. Hillwood Office Center Owners' Ass'n*, 51 So. 3d 317, 321 (Ala. 2010) ("To be a [person with standing], the person must have a real, tangible legal interest in the subject matter of the lawsuit.") (citations omitted).  *See also Proctor v. Classic Auto, Inc.*, 20 So. 3d 1281, 1286-88 (Ala. Civ. App. 2009).

---

[3] The Official Comment to Article 9 of the Uniform Commercial Code additionally reflects that claims for negligence/wantonness are not cognizable in this context. Instead, as reflected therein, such claims either (1) would lie under § 7-9A-609 for wrongful repossession or (2) would sound in common law conversion. ALA. CODE § 7-9A-626, Official Comment 2 ("Consider, for example, a repossession that does not comply with Section 9-609 for want of a default. The debtor's remedy is under Section 9-625(b).  In a proper case, the secured party also may be liable for conversion under non-UCC law.").  With such specific claims being available, Mrs. Westbrook cannot resort to nebulous allegations of negligence and/or wantonness in an attempt to circumvent the pleading requirements otherwise necessary to establish her legal interest in the Vehicle.

The Alabama Supreme Court's prior decision in *Vest v. Dixie-Midwest Express, Inc.* effectively puts to rest any argument for standing on the present facts. 537 So. 2d 13 (Ala. 1988). As here, *Vest* arose out of the repossession of a vehicle following the death of its owner. *Id.* at 14. Also as here, the owner's widow (and son) brought suit on the basis that payments on the vehicle had been current at the time of the repossession—thereby allegedly making the repossession unlawful. *Id.* On appeal, the Court accepted the defendant's argument that the plaintiffs lacked standing and affirmed summary judgment in the defendant's favor:

> It is undisputed that Calvin Vest died on July 31, 1986, and that this action was filed on April 14, 1987. There was no administration of Calvin Vest's estate, hence, no personal representative had been appointed. Indeed, plaintiffs sued in their own personal capacities, not in any representative capacities. **Thus, they had no standing to bring this action.**

*Id.* (emphasis added).

In short, to the extent any legal rights existed in the Vehicle on the date of repossession, such rights would have been vested exclusively in any pending estate for Mrs. Westbrooks's husband. Upon information and belief, no estate had been opened and no administrator had been appointed. Certainly the Complaint makes no such averment. Nor does the Complaint purport to assert any claims other than in Mrs. Westbrook's individual capacity. Mrs. Westbrook therefore has pled no facts sufficient to establish a legal interest in the Vehicle and as necessary to afford her standing to bring the claims asserted against NASA.

## **CONCLUSION**

The allegations in this case are unequivocal that the Vehicle was owned by Mrs. Westbrook's husband—not by her. Mrs. Westbrook has not, and cannot, allege any legal interest in the Vehicle and therefore lacks standing to assert any claim against NASA for its repossession. Accordingly, NASA respectfully requests that all claims asserted against it be dismissed.[4]

                                Respectfully submitted,

                                /s/ Chad W. Bryan
                                **CHAD W. BRYAN (ASB: 7754-H71B)**
                                *Attorney for NASA Federal Credit Union*

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8034
Facsimile: (334) 241-8234
Email: chad.bryan@chlaw.com

---

[4] Lack of standing typically is addressed as a jurisdictional defect under FED. R. CIV. P. 12(b)(1). *See, e.g., Burton v. MAPCO Express, Inc.*, 47 F.Supp. 3d 1279, 1280-81 (N.D. Ala. 2014) (noting that if a plaintiff "cannot establish standing, then the Court will lack subject matter jurisdiction over his [state law] claim, and the Court will dismiss that claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure"); *see also Nunnelee v. U.S.*, 972 F.Supp. 2d 1279, 1285-89 (N.D. Ala. 2013) (examining state law standing requirements and dismissing for lack of subject matter jurisdiction). Alternatively, NASA asserts that Mrs. Westbrook's admitted lack of legal rights in the Vehicle conclusively precludes her state law claims against NASA from being "plausible" as required to sustain a challenge under FED. R. CIV. P. 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of May 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| W. Whitney Seals<br>PATE & COCHRUN, LLP<br>Post Office Box 10448<br>Birmingham, AL  35202-0448<br>Email:  whitney@plc-law.com<br>*Attorney for Plaintiff* | John C. Hubbard<br>JOHN C. HUBBARD, LLC<br>Post Office Box 953<br>Birmingham, AL  35201<br>Email:  jch@jchubbardlaw.com<br>*Attorney for Plaintiff* |

I further certify that a copy of the foregoing also is being served on this date via United States mail, postage prepaid and properly addressed, to the following non-CM/ECF user:

Twenty Four Seven Towing and
  Recovery LLC
c/o Howard Hilyer
1005 Gault Avenue
Fort Payne, AL  35967

                                      /s/ Chad W. Bryan
                                      **OF COUNSEL**