# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **ALICE WESTBROOK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:17-CV-00534-HGD |
| ) | |
| **NASA FEDERAL CREDIT UNION,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS

NASA Federal Credit Union ("NASA") hereby responds as follows to the opposition previously filed by Plaintiff Alice Westbrook ("Mrs. Westbrook") to its pending motion to dismiss.

1.   In response to NASA's motion to dismiss, Mrs. Westbrook concedes to the dismissal of Count Six [Doc. 12 at p. 1], which purported to state a claim for wrongful repossession under Article 9 of the Uniform Commercial Code.  Mrs. Westbrook's concession in that regard is appropriate because Article 9 clearly affords a remedy only in favor of debtors [ALA. CODE § 7-9A-625(c)], and it is undisputed that the debt on the subject vehicle was solely in the name of Mrs. Westbrook's husband—not her [Doc. 1 at ¶ 5].[1]

---

[1] Citations are made to the original Complaint filed on April 5, 2017.  [Doc. 1].  The May 22, 2017 Amended Complaint changed no allegations as to NASA.  [Doc. 13].

1

2. Mrs. Westbrook's admitted lack of standing under Article 9 is also fatal to any purported claims for "breach of the peace." Contrary to the insinuation in Mrs. Westbrook's response, Alabama does not recognize an independent claim for "breach of the peace" outside the context of Article 9. Instead, "breach of the peace" is a direct offshoot of Article 9 in that it serves as a statutory limitation upon a secured party's right to self-help repossession under the Uniform Commercial Code:

> (a) *Possession; rendering equipment unusable; disposition on debtor's premises*. After default, a secured party:
>    (1) may take possession of the collateral; and
>    (2) without removal, may render equipment unusable and dispose of collateral on a debtor's premises under Section 7-9A-610.
>
> (b) *Judicial and nonjudicial process*. A secured party may proceed *under* subsection (a):
>    (1) pursuant to judicial process; or
>    (2) without judicial process, **if it proceeds without breach of the peace**.

ALA. CODE § 7-9A-609 (bold added for emphasis).

3. Stated differently, if a secured party (or its agent) breaches the peace, then it violates § 7-9A-609(b) and is subject to Article 9 remedies as set out in § 7-9A-625. Again, however, those remedies are limited solely to debtors and would not give rise to a claim by Mrs. Westbrook as a non-debtor:

> (b) *Damages for noncompliance*. **Subject to subsections (c)**, (d), and (f), a person is liable for damages in the amount of any loss caused by a failure to comply with this article. Loss caused by a failure to comply may include loss resulting from the debtor's inability to obtain, or increased costs of, alternative financing.

> (c) ***Persons entitled to recover damages***; *statutory damages in consumer-goods transaction.* Except as otherwise provided in Section 7-9A-628:
>> (1) a person that, at the time of the failure, **was a debtor**, **was an obligor**, or **held a security interest in or other lien on the collateral** may recover damages under subsection (b) for its loss; and
>> (2) if the collateral is consumer goods, a person that **was a debtor or a secondary obligor** at the time a secured party failed to comply with this part may recover for that failure … .

ALA. CODE § 7-9A-625 (bold added for emphasis). Mrs. Westbrook has provided no authority that would permit a "breach of the peace" recovery outside of Article 9 liability and/or by a non-debtor.

4. Because she is not a protected person under Article 9, Mrs. Westbrook's remedy would be limited to the common law tort of conversion (Count Three) if NASA indeed violated some ownership and possessory interest personal to her. In that regard, Mrs. Westbrook again concedes that she has never held any ownership interest in the vehicle. [Doc. 12 at p. 4 – acknowledging that her claims are not based on ownership or privity to the original agreement; *see also* Doc. 1 at ¶ 5]. Mrs. Westbrook instead contends that she became vested with a legally protected possessory interest by virtue of having made a payment on the vehicle after her husband's death. [Doc. 12 at ¶¶ 4-5].

5. In support of that assertion, Mrs. Westbrook cites *Warren v. Ford Motor Credit Co.*, 693 F.2d 1373 (11th Cir. 1982) for the supposed proposition that making a debt payment bestows standing to sue for the conversion of property.

3

[Doc. 12 at p. 4]. However, *Warren* cannot be construed so broadly. Rather, *Warren* involved a conversion claim brought by an undisputed <u>transferee</u> of a vehicle who had made almost two years of payments and under circumstances where <u>the secured party was aware of the transfer and had recognized the transferee's ownership interest</u>. *Id*. at 1375, 1377. On those facts, including evidence that the secured party had granted multiple written extensions to the transferee, it was held that the secured party was estopped from asserting that the security agreement had been breached by a contractually prohibited transfer of ownership to the transferee. *Id*. at 1376.

  6. There was no dispute in *Warren* that ownership of the vehicle had been transferred to the transferee. *Id*. at 1376 (discussing transfer of vehicle to transferee). Thus, there was no dispute as to the transferee's standing (as owner) to bring a claim for conversion. Here, however, Mrs. Westbrook has not alleged, and cannot allege, a similar claim of "[l]egal title with immediate right of possession" as is "a necessary element of the conversion action." *Gadsden Indus. Park, LLC v. U.S.*, 111 F.Supp. 3d 1218, 1232 (N.D. Ala. 2015) (citation omitted). Mrs. Westbrook has no claim to legal title in the vehicle and makes no assertion to that effect in either her Complaint or in her opposition to NASA's motion to dismiss. Unlike *Warren,* there is no allegation of any transfer agreement between Mrs. Westbrook and her husband, nor is there any allegation of an estate being opened so as to have potentially transferred ownership to her as a matter of law.

4

7.    If anything, Mrs. Westbrook simply made a voluntary payment on the vehicle between the date of her husband's December 10, 2016 death [Doc. 1 at ¶ 7] and the date of the January 17, 2017 repossession [Doc. 1 at ¶¶ 11-12]. Such a voluntary payment within a span of approximately thirty days neither establishes any legal title in Mrs. Westbrook nor reflects a possessory interest in her favor—both of which would be required to support a claim for conversion of the vehicle. *Ex parte Talbott*, __ So. 3d __, 2015 WL 5725085, *7 (Ala. Sept. 30, 2015) ("To be entitled to the right of recovery for conversion, plaintiff must have general or special title to the property in question, and the possession or immediate right of possession.") (citation omitted).

8.    Mrs. Westbrook's attempt to assert "catchall" claims of negligence and wantonness is equally misguided, and she cannot resort to labels of negligence or wantonness merely because she is unable to demonstrate sufficient legal and possessory interests to support a claim under either Article 9 or for conversion. Simply put, Mrs. Westbrook cannot base a breach of duty claim off the repossession of a vehicle in which she held no legal or possessory interest, and there is no allegation of any independent legal duty that was negligently/wantonly performed.[2]

---

[2] Mrs. Westbrook either has a claim for conversion or she does not. This is not an instance where Mrs. Westbrook contends that some separate standard of care was breached during the repossession and proximately resulted in injury to her person or property, *e.g.*, had the vehicle been improperly loaded and fallen upon her. Under that scenario, Mrs. Westbrook likely could state a cause of action sufficient to

9. Finally, Mrs. Westbrook fails to acknowledge or address the decision in *Vest v. Dixie-Midwest Express, Inc.*, 537 So. 2d 13 (Ala. 1988) wherein the Alabama Supreme Court expressly held that the widow of a deceased vehicle owner was without standing to assert claims arising out of the vehicle's repossession. That decision is precisely on point with the present circumstances, and Mrs. Westbrook has failed to demonstrate any distinction that would compel a different result in this case.

**WHEREFORE**, NASA respectfully requests that all claims asserted against it be dismissed on the basis that Mrs. Westbrook held no legal and/or possessory interest in the vehicle and therefore lacks standing.

Respectfully submitted,

/s/ Chad W. Bryan
**CHAD W. BRYAN (ASB: 7754-H71B)**
*Attorney for NASA Federal Credit Union*

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8034
Facsimile: (334) 241-8234
Email: chad.bryan@chlaw.com

---

survive a motion to dismiss because a duty would exist in her favor outside of the repossession itself. But the allegations here are only that NASA lacked the right to repossess the vehicle and/or committed a "breach of the peace" through its agent—both of which duties sound in Article 9 and/or conversion liability. Mrs. Westbrook has not articulated, and cannot articulate, any independent legal duty that was owed/breached so as to state claims for negligence or wantonness.

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of May 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| W. Whitney Seals<br>PATE & COCHRUN, LLP<br>Post Office Box 10448<br>Birmingham, AL  35202-0448<br>Email:  whitney@plc-law.com<br>*Attorney for Plaintiff* | John C. Hubbard<br>JOHN C. HUBBARD, LLC<br>Post Office Box 953<br>Birmingham, AL  35201<br>Email:  jch@jchubbardlaw.com<br>*Attorney for Plaintiff* |

I further certify that a copy of the foregoing also is being served on this date via United States mail, postage prepaid and properly addressed, to the following non-CM/ECF user:

Twenty 4 Seven Recovery, Inc.
c/o Howard Hilyer
1005 Gault Avenue
Fort Payne, AL  35967

                                                /s/ Chad W. Bryan
                                                **OF COUNSEL**