FILED

2017 Jun-20  PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ALICE WESTBROOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 3:17-cv-00534-HGD |
| | ) |
| NASA FEDERAL CREDIT UNION; | ) |
| TWENTY FOUR SEVEN TOWING | ) |
| AND RECOVERY LLC., | ) |
| | ) |
| Defendant. | |

## ANSWER

Defendant Twenty Four Seven Towing and Recovery LLC ("Defendant") answers Plaintiff's Amended Complaint [Doc. #13], filed on May 22, 2017, as follows:

## PARTIES

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph at this time. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2. To the extent a response is required, Defendant denies the allegations contained in Paragraph 2.

1

3.     Defendant admits it is an Alabama corporation that conducts business in the state of Alabama. The remaining allegations contained in Paragraph 3 are denied.

## JURISDICTION AND VENUE

4.     Defendant admits this Court has jurisdiction and that venue is proper, based solely on the unproven allegations in Plaintiff's Amended Complaint.

## FACTUAL ALLEGATIONS

5.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph at this time. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.

6.     Upon information and belief, admitted.

7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph at this time. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7.

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph at this time. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8.

9.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph at this time. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph at this time. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.

11.    Denied.

12.    Defendant admits that on January 30, 2017, it repossessed a 2016 Dodge Charger ("the Vehicle") financed through NASA Federal Credit Union. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 12.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph at this time. To the extent a response is required, Defendant denies the allegations contained in Paragraph 13.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph at this time. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14.

15.    Denied.

16.    Defendant admits that Plaintiff called the Dora Police Department.

17.    Defendant admits that Plaintiff was permitted to retrieve her personal belongings before the vehicle was towed away, but denies all remaining allegations of this paragraph.

3

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph at this time. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18.

19.     Denied.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

20.     Defendant re-alleges and incorporates by reference its responses to paragraphs 1-19 as if fully set forth herein.

21.     Denied.

22.     Denied.

23.     Denied.

## COUNT TWO
## WANTONNESS CLAIM AGAINST DEFENDANTS

24.     Defendant re-alleges and incorporates by reference its responses to paragraphs 1-23 as if fully set forth herein.

25.     Denied.

26.     Denied.

27.     Denied.

## COUNT THREE
## CONVERSION CLAIM AGAINST DEFENDANTS

28.     Defendant re-alleges and incorporates by reference its responses to paragraphs 1-27 as if fully set forth herein.

4

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION AGAINST DEFENDANTS

33.    Defendant re-alleges and incorporates by reference its responses to paragraphs 1-32 as if fully set forth herein Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION AGAINST DEFENDANTS

38.    Defendant re-alleges and incorporates by reference its responses to paragraphs 1-37 as if fully set forth herein.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

## COUNT SIX
## VIOLATION OF U.C.C. AGAINST DEFENDANT NASA FCU

43.     This count is not directed at Defendant Twenty Four and therefore does not require a response. To the extent a response is required, the allegations contained in Paragraph 43 are denied.

44.     This count is not directed at Defendant Twenty Four and therefore does not require a response. To the extent a response is required, the allegations contained in Paragraph 44 are denied.

45.     This count is not directed at Defendant Twenty Four and therefore does not require a response. To the extent a response is required, the allegations contained in Paragraph 45 are denied.

46.     This count is not directed at Defendant Twenty Four and therefore does not require a response. To the extent a response is required, the allegations contained in Paragraph 46 are denied.

## COUNT SEVEN
## FDCPA CLAIM AGAINST DEFENDANT TWENTY FOUR SEVEN

47.     Defendant re-alleges and incorporates by reference its responses to paragraphs 1-46 as if fully set forth herein.

48.     Denied.

49.     Denied.

50.     Denied.

6

## COUNT EIGHT
## INVASION OF PRIVACY AGAINST DEFENDANT TWENTY FOUR SEVEN

51.    Defendant re-alleges and incorporates by reference its responses to paragraphs 1-50 as if fully set forth herein.

52.    This paragraph references 15 U.S.C. § 1692(a), which speaks for itself, and contains Plaintiff's legal conclusions, neither of which require a response. To the extent that a response is required, the allegations contained in Paragraph 52 are denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

## AMOUNT OF DAMAGES DEMANDED

Defendant denies that Plaintiff is entitled to any relief sought, including in Paragraphs 57-60, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Defense

Defendant is not guilty of the matters and things alleged in the Complaint.

## Second Defense

The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

## Third Defense

Defendant denies the material allegations of the Complaint, both separately and severally, and demand strict proof thereof.

## Fourth Defense

Plaintiff lacks standing to seek some or all the relief that he has requested.

## Fifth Defense

Defendant avers that all of Plaintiff's alleged injuries and damages were caused by the acts or omissions of others whom Defendant does not control and for whom Defendant owes no legal responsibility. Defendant is not legally responsible

## Sixth Defense

Plaintiff's recovery is barred in whole or in part by the terms of the loan and any loan modifications.

## Seventh Defense

Plaintiff has failed to state a claim for which punitive damages are recoverable.

## Eighth Defense

Plaintiff has suffered no damage, injury, or prejudice as a result of any alleged act or alleged omission identified in the Complaint.

## Ninth Defense

Defendant avers that Plaintiff's claims may be barred, in whole or in part, by the statute of limitations, the doctrines of *res judicata*, collateral estoppel, laches, waiver, accord and satisfaction, consent, acquiescence, release and/or estoppel.

## Tenth Defense

Defendant denies that Plaintiff was injured or harmed in any way by any act or omission of Defendant or any of its agents, employees, or representatives.

## Eleventh Defense

Defendant denies that it owed any duty or obligation to Plaintiff under the facts of this case. Alternatively, Defendant denies that it breached any duty or obligation allegedly owed to Plaintiff.

## Twelfth Defense

Defendant denies that its conduct, or the conduct of its agents or employees, was negligent, wanton, reckless, or fraudulent.

## Thirteenth Defense

If it is established that Defendant is in any manner legally responsible for any of the damages claimed by Plaintiff, such damages were proximately contributed to and caused by other parties, or persons or entities not yet parties to this action and, hence, Defendant is entitled to contractual and/or implied indemnity/contribution from each of said other party, person and/or entity in an amount in direct proportion to the culpable conduct of said other parties, persons or entities.

## Fourteenth Defense

Defendant  asserts as a defense, credit or set-off any settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity and also any monies paid to or on behalf of Plaintiff for injuries or damages suffered in the incident made the basis of this case by any source.

## Fifteenth Defense

To the extent that any damages claimed by Plaintiff have been or will be indemnified in whole or in part from any collateral source, any verdict or judgment against Defendant must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

## Sixteenth Defense

Defendant contests the nature of the damages claimed by Plaintiff in the Complaint.

## Seventeenth Defense

An award of punitive damages against Defendant in this case would violate the due process clause of the Fifth Amendment and/or equal protection clause of the Fourteenth Amendment to the United States Constitution, as well as the Alabama Constitution, to the extent, *inter alia*, that such damages: (1) are not required to be established by clear and convincing evidence; (2) are subject to no predetermined limit; (3) are awarded by a jury which is not provided with adequate standards or instructions for their determination that define with sufficient clarity the conduct or mental state that makes such damages permissible; (4) are awarded by a jury that is not prohibited from determining such damages, in whole or in part, on the basis of discriminatory characteristics, including Defendant's ownership and headquarters, perceived wealth, and corporate status; and (5) are not subject to judicial review on the basis of appropriate, objective standards.

## Eighteenth Defense

An award of punitive damages against Defendant in this case would violate the excessive fines clause of the Eighth Amendment to the United States Constitution, as well as the Alabama Constitution.

Nineteenth Defense

Any award of punitive damages in this case is subject to the limitations set forth in Ala. Code § 6-11-21.

Twentieth Defense

Plaintiff's claims and/or damages in this case are subject to the limitations set forth in Ala. Code § 6-11-27.

Twenty-First Defense

Any award of punitive damages based on anything other than Defendant's conduct in connection with the specific incident that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

Twenty-Second Defense

Any claim of Plaintiff for punitive damages against Defendant cannot be sustained, because any award of such damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the

Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## Twenty-Fourth Defense

Any claim of Plaintiff for punitive damages against Defendant cannot be sustained, because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

## Twenty-Fifth Defense

Any claim of Plaintiff for punitive damages cannot be sustained because any award of such damages under state law without the same protections that are accorded to all Defendant, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate Defendant' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective

assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### Twenty-Sixth Defense

An award of pain and suffering, mental anguish or emotional distress damages in this case will violate Defendant's due process and equal protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### Twenty-Seventh Defense

To award Plaintiff damages for alleged pain and suffering, mental anguish or emotional distress in the absence of any standards for the determination of pain and suffering, mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of pain and suffering, mental anguish or emotional distress makes such an award tantamount to punitive damages.  As such, Defendant avers that such an award in this case would violate both the Alabama Constitution and the United States Constitution and for the other separate and several reasons stated herein.

### Twenty-Eighth Defense

Any claim Plaintiff may assert for alleged mental anguish is barred absent a showing of actual physical injury or physical manifestation of mental

14

anguish/emotional distress.  Plaintiff is not entitled to recover damages for such alleged mental anguish unless Plaintiff produces evidence proving that the alleged mental anguish was so severe that an ordinary person would not be expected to endure it, i.e., the same standard applied for the tort of outrage claims.

### Twenty-Ninth Defense

Defendant asserts the protections provided by Ala. Code §§ 6-11-20, 6-11-21, 6-11-23, 6-11-24, and 6-11-27.

### Thirtieth Defense

Defendant avers that it is not a "debt collector" as defined by 11 U.S.C. § 1692a(6).

### Thirty-First Defense

Defendant avers that if Defendant is determined to be a "debt collector," which Defendant denies, any alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Thirty-Second Defense

Plaintiff does not have a private right of action for invasion of privacy under 15 U.S.C. 1692(a).

Defendant reserves the right to assert any additional defenses that may arise as discovery progresses or otherwise in the course of this litigation.  Defendant further reserves the right to withdraw any of these defenses as may be appropriate.

**WHEREFORE**, Defendant respectfully requests that the Complaint against it be dismissed, that judgment be entered in its favor, and that it be awarded its costs and such other relief as the Court deems just.

**DEFENDANT HEREBY DEMANDS
A TRIAL BY JURY**

Dated this 20th day of June, 2017.

   _/s/ Rachelle Sanchez
One of the Attorneys for Defendant
Twenty Four Seven Towing and
Recovery LLC

OF COUNSEL:
Sanford Hooper
*shooper@lightfootlaw.com*
Rachelle E Sanchez
*rsanchez@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone:   (205) 581-0700
Facsimile:    (205) 581-0799

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record through the Court's electronic filing system this 20th day of June, 2017.

_/s/ Rachelle Sanchez_
Of Counsel