FILED

2017 Dec-01  PM 02:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **ALICE WESTBROOK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 3:17-CV-00534-HGD** |
| | ) | |
| **NASA FEDERAL CREDIT UNION,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## UNOPPOSED MOTION TO STAY DISCOVERY DURING
## PENDENCY OF MOTION TO DISMISS

NASA Federal Credit Union ("NASA") hereby requests that the Court stay discovery until such time as a ruling has been entered on NASA's pending motion to dismiss.  In support hereof, it is respectfully stated as follows:

1.      This action was filed on April 5, 2017 by Alice Westbrook ("Mrs. Westbrook") and asserts claims arising out of the repossession of a motor vehicle owned by her late husband.

2.      On May 9, 2017, NASA filed a motion to be dismissed from the action on the basis that Mrs. Westbrook lacks standing to assert any of the claims purportedly brought against NASA—whether styled as claims under the Uniform Commercial Code or whether styled as common law tort claims for conversion, negligence, or wantonness.  [Doc. 6; *see also* Docs. 12 & 17].

1

3.      NASA's motion to dismiss remains pending.

4.      The Eleventh Circuit has expressed that a plaintiff's need for discovery generally should give way to facial challenges that speak to the legal sufficiency of an underlying claim:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.  Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.  *See Mitchell v. Duval County Sch. Bd.,* 107 F.3d 837, 838 n. 1 (11th Cir. 1997) (per curiam).  Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.  *See Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint.  It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").
> ***
> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.  Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. …

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).  That rationale appears to have been applied consistently in this Court.  *See, e.g., Hall v. Thomas*, 753 F.Supp. 2d 1113, 1121 (N.D. Ala. 2010) (citing "the general rule in this Circuit [is to] stay[] discovery pending decision on defendants' motion to dismiss"); *Weaver v. National Better Living Ass'n, Inc.*, 2014 WL 1621951, *1 (N.D. Ala. April 22, 2014) (granting stay of discovery during pendency of motion to

dismiss); *Mortazavi v. Samford University*, 2017 WL 3087465, *3 n. 3 (N.D. Ala. July 20, 2017) (noting the import of *Chudasama*).

5.       Here, NASA has raised before the Court the threshold legal question of whether Mrs. Westbrook has standing to proceed on any of the claims purportedly brought against it.  If correct in its argument, then NASA will cease to be a party to this action.  Having to incur the time and expense of discovery in the interim would violate precisely the type of considerations cautioned against in *Chudasama*.  *See Chudasama*, 123 F.3d at 1367.  Conversely, with no trial date or associated deadlines having yet been ordered, and given that the motion to dismiss has already been pending over six months, Mrs. Westbrook would in no manner be prejudiced by a further stay of discovery.

6.       The undersigned represents that he has discussed this matter with all counsel of record and that the requested stay is not opposed by any other party.

**WHEREFORE**, it is respectfully requested that the Court stay all discovery during the pendency of NASA's motion to dismiss.  Once that issued is resolved, the remaining parties will request entry of an appropriate scheduling order.

Respectfully submitted,

/s/ Chad W. Bryan
**CHAD W. BRYAN (ASB: 7754-H71B)**
*Attorney for NASA Federal Credit Union*

3

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8034
Facsimile: (334) 241-8234
Email: chad.bryan@chlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

W. Whitney Seals
PATE & COCHRUN, LLP
Post Office Box 10448
Birmingham, AL 35202-0448
Email: whitney@plc-law.com
*Attorney for Plaintiff*

John C. Hubbard
JOHN C. HUBBARD, LLC
Post Office Box 953
Birmingham, AL 35201
Email: jch@jchubbardlaw.com
*Attorney for Plaintiff*

Sanford Hooper
Rachelle E. Sanchez
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Email: shooper@lightfootlaw.com
      rsanchez@lightfootlaw.com
*Attorneys for Twenty 4 Seven Recovery, Inc.*

/s/ Chad W. Bryan
**OF COUNSEL**

4