# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| ALICE WESTBROOK, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> NASA FEDERAL CREDIT UNION, ) <br> *et al.*, ) <br> ) <br> Defendants. ) | Civil Action Number <br> 3:17-cv-00534-AKK |

## MEMORANDUM OPINION AND ORDER

Alice Westbrook brings this action against the Defendants asserting a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and various state law tort claims. Doc. 13. The court has for consideration NASA Federal Credit Union's ("NASA") motion to dismiss, doc. 6, which is fully briefed, docs. 12, 17, and ripe for review.[1] For the reasons explained more fully below, the motion is due to be granted.

**I. STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual

---

[1] Also before the court is NASA's motion to stay discovery during the pendency of its motion to dismiss, doc. 26, which is **MOOT**.

1

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). Ultimately, this inquiry is a "context-specific task that requires the

2

reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND[2]

Westbrook's late husband was the owner of an automobile which NASA held a lien on. Doc. 13 at 2. After her late husband died, Westbrook informed NASA of his death and continued making payments on the automobile. *Id.* at 2-3. Despite the note being current, at NASA's direction, Defendant Twenty Four Seven Towing repossessed the vehicle roughly five weeks after her husband's death. *Id.* at 3. While an employee of Twenty Four Seven Towing was repossessing the vehicle, Westbrook confronted them, stating that the vehicle was not in default and attempting to retrieve her personal items from it. *Id.* at 3. The employee refused, causing Westbrook to call the police, who allowed her to collect her personal items from the car before the employee repossessed it. This lawsuit followed.

## III. ANALYSIS

Westbrook pleads claims of negligence (Counts I and IV), wantonness (Count II and V), and conversion (Count III) against NASA.[3] *Id.* at 4-7. NASA has moved to dismiss, contending that Westbrook lacks standing to challenge the repossession.

---

[2] The court recites the facts as alleged in Westbrook's Amended Complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

[3] Westbrook also asserted a claim for violation of the Uniform Commercial Code (Count VI) against NASA. Doc. 13 at 7. However, Westbrook concedes this claim. Doc. 12 at 1.

Doc. 6.

**A. The Negligence and Wantonness Claims (Count s I, II, IV, V)**

Westbrook's negligence and wantonness claims are based on the repossession of the vehicle while its note was not in default and the alleged breach of the peace during the repossession. Doc. 13 at 4-7. A wrongful repossession or a breach of the peace injures the debtor. *See* Ala. Code § 7-9A-625(c). As a non-debtor, Westbrook has no standing to bring negligence and wantonness claims on these bases against NASA. Indeed, in the context of breach of contract and conversion claims over the repossession of a vehicle in similar circumstances, the Alabama Supreme Court has held that the widow and son of a deceased vehicle owner have no standing to assert claims arising out of the repossession. *Vest v. Dixie-Midwest Express, Inc.*, 537 So. 2d 13, 14 (Ala. 1988). Alternatively, Westbrook has failed to adequately plead the requisite injury necessary for her negligence and wantonness claims. *See* doc. 13 at 3-7 (pleading only that NASA harmed her because she had to call the police in order to retrieve her personal items from the car and that she suffered embarrassment as a result); *Hilyer v. Fortier*, 227 So. 3d 13, 22 (Ala. 2017) ("To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury") (citations and quotation marks omitted).

### B. The Conversion Claim (Count III)

Westbrook argues that she has standing to pursue her conversion claim due to a possessory interest in the vehicle.[4] More specifically, Westbrook contends that "[s]ince [she] paid and Defendant accepted payment from [her] on the Vehicle, a new possessory interest was created and thus giving [her] the standing to assert claims for the breach of that possessory interest." Doc. 12 at 5. However, "[t]o be entitled to the right of recovery for conversion, plaintiff must have general or special title to the property in question, *and* the possession or immediate right of possession." *Ex Parte Talbott*, 2015 WL 5725085, at *7 (Ala. Sept. 30. 2015) (quoting *Hamilton v. Hamilton*, 255 Ala. 284, 289 (1951)) (emphasis added). Making voluntary payment on the vehicle over the course of thirty-eight days, *see* doc. 13 at 2-3, is insufficient to give Westbrook the general or special title and possessory interest necessary for a conversion claim. Indeed, Westbrook does not claim that she had a legal title to the automobile—just a "present right to possess the Vehicle" based on "Defendant knowingly accept[ing] payment from [Westbrook]."

---

[4] To the extent that Westbrook relies on this purported possessory interest in the vehicle to support her negligence and wantonness claims, neither the complaint, doc. 1, nor the amended complaint, doc. 13, pleads such a claim. Rather, Westbrook unequivocally states in both that her claims are based on the repossession of the vehicle while its note was not in default and on the purported breach of the peace. *See* docs. 1 at 4; 13 at 4. A plaintiff may not amend pleading through argument in a brief. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004); *see also Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 (M.D. Ala.2004) ("It is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss").

Doc. 12 at 4. Even if Westbrook is correct that making a payment gave her a possessory interest,[5] the lack of legal title to the vehicle is fatal to her conversion claim. *See McGee v. McGee*, 91 So. 3d 659, 667 (Ala. 2012) ("[T]o recover under the count of conversion, plaintiff must show legal title in himself to the property at the time of the conversion and his immediate right of possession") (citations, quotation marks, and emphasis omitted).

## IV. CONCLUSION

For the reasons stated above, NASA's motion to dismiss, doc. 6, is **GRANTED**. All claims against NASA are **DISMISSED WITH PREJUDICE**.

**DONE** the 28th day of March, 2018.

                                        **ABDUL K. KALLON**
                             UNITED STATES DISTRICT JUDGE

---

[5] Westbrook relies on *Warren v. Ford Motor Credit Co.*, 693 F.2d 1373 (11th Cir. 1982), to support this contention. *Warren* involved a plaintiff who was the actual transferee of a vehicle, unlike Westbrook, and a secured creditor that recognized the transfer of the vehicle, accepted payments from the plaintiff for two years, and entered into modifications of the retail installment contract with the plaintiff. *Id.* at 1375-77. When the secured creditor subsequently argued that the transfer was prohibited, the court found that it was estopped from challenging the transfer. *Id.* at 1376-77. *Warren* did not hold, as Westbrook contends, that "[w]hen a Defendant accepts payments from a third-party claiming a possessory/ownership interest, the third party has standing to assert claims." *See* doc. 12 at 4.