# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ALICE WESTBROOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 3:17-cv-00534-HNJ |
| | ) |
| NASA FEDERAL CREDIT UNION; | ) |
| TWENTY 4 SEVEN RECOVERY | ) |
| INC., | ) |
| | ) |
| Defendant. | |

### **TWENTY 4 SEVEN RECOVERY INC.'S MOTION TO DISMISS**

Defendant Twenty 4 Seven Recovery Inc. ("Twenty 4 Seven"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss all claims asserted against it in Plaintiff's Amended Complaint (Doc. #13).

1. This lawsuit arises from the repossession of the vehicle purchased by Alice Westbrook's ("Westbrook") deceased husband. According to Plaintiff, NASA Federal Credit Union contracted with Twenty 4 Seven to repossess a vehicle. Westbrook confronted Twenty 4 Seven's employee while the repossession was taking place, stated the vehicle was not in default, and attempted to retrieve personal items from the vehicle. Westbrook called the police, who allowed her to retrieve personal items from the car. Twenty 4 Seven then completed the repossession. *See* Doc. 13, ¶¶ 5-18.

1

2. This Court has already granted co-defendant NASA Credit Union's Motion to Dismiss based on a lack of standing to bring certain claims. *See* Doc. 6 (Motion to Dismiss) and Doc. 27 (Memorandum and Order granting the Motion to Dismiss). The claims against Twenty 4 Seven should be dismissed for the same reasons found by this Court when it dismissed the claims against NASA.

3. First, Westbrook does not have standing to bring a negligence or wantonness claim. *See* Doc. 13, Counts I, II, IV, and V. As recognized by this Court, the Alabama Supreme Court has held that the widow of a deceased vehicle owner does not have standing to assert claims arising from a repossession. *Vest v. Dixie-Widwest Express, Inc.*, 537 So. 2d 13, 14 (Ala. 1988). Further, Westbrook has failed to plead an actionable injury arising from the repossession, claiming only that she had to call the police to get her possessions and was embarrassed. *See Hilyer v. Fortier*, 227 So. 3d 13, 22 (Ala. 2017) (injury a necessary element of negligence).

4. Second, Westbrook does not have standing to bring the conversion claim. *See* Doc. 13, Count III. As this Court recognized in its order dismissing the case against NASA Credit Union, Westbrook does not have standing to bring the conversion claim because she lacks legal title to the vehicle and the immediate right of possession to the vehicle. *See McGee v. McGee*, 91 So. 3d 659, 667 (Ala. 2012) (lack of legal title to vehicle required for conversion claim).

5.      Westbrook also stated two claims against Twenty 4 Seven that were not asserted against NASA Credit Union—one, a general claim alleging violations of the Fair Debt Collections Privacy Act ("FDCPA") (Count VII), and the other, a claim for invasion of privacy under the FDCPA (Count VIII).[1]  Twenty 4 Seven is entitled to have these claims dismissed as well.

6.      Westbrook does not have standing to bring the general FDCPA claim because she is not a "consumer" entitled to bring a claim.[2]  The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. 1692(b)(3).  Here, Westbrook alleges only that her late husband was obligated on the car loan.  *See* Doc. 13, ¶5.  Ms. Westbrook's name was never placed on the loan.  Because Westbrook was never obligated under the loan, she is not a consumer under the FDCPA and does not have standing to bring the claim. *See Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx. 868, 873-874 (11th Cir. 2010) (daughter who was not on mortgage for home given to her by her mother lacked standing to bring FDCPA claim and therefore not a "consumer").

7.      Finally, the invasion of privacy claim also is due to be dismissed. Contrary to Plaintiff's attempt to state a claim under the FDCPA for invasion of

---

[1] Count VI, under the UCC, was not asserted against Twenty 4 Seven and therefore need not be addressed here.

[2] This fact is also dispositive of the FDCPA invasion of privacy claim asserted in Count VIII.

privacy, the Act does not create a federal cause of action for invasion of privacy. *See Bandy v. Midland Funding, LLC*, 2013 WL 210730, *10 (S.D. Ala. Jan. 18, 2013) (in connection with an FDCPA claim, the court found "Neither of these provisions creates a cause of action for invasion of privacy, and Bandy has given the Court no other reason to believe that she is entitled to assert such a claim pursuant to federal law.").

8. To the extent Westbrook meant to plead a privacy claim under state law, this attempt fails too. Under Alabama law, "not every action taken by a creditor to collector [sic] will give rise to an action for intrusion and that a test of reasonableness applies." *Hart v. Gen. Motors Acceptance Corp.,* 437 So. 2d 1255, 1256 (Ala. 1983). Rather, "[t]he conduct supporting a cause of action for invasion of privacy in the context of *debtor-creditor relations* involves 'the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.'" *Hart,* 437 So. 2d at 1256, *quoting Liberty Loan Corp. of Gadsden v. Mizell,* 410 So.2d 45, 47 (Ala.1982) (emphasis added). Here, as previously discussed, Westbrook's name was not on the car loan and therefore is not a "debtor" with standing to bring the claim. The claim should therefore be dismissed.

**WHEREFORE**, Twenty 4 Seven requests that all claims against it be **DISMISSED.**

Dated this 3rd day of April, 2018.

/s/ *Rachelle Sanchez*
One of the Attorneys for Defendant
Twenty 4 Seven Recovery, Inc.

OF COUNSEL:
Sanford Hooper
*shooper@lightfootlaw.com*
Rachelle E Sanchez
*rsanchez@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone:  (205) 581-0700
Facsimile:   (205) 581-0799

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record through the Court's electronic filing system this 3rd day of April, 2018.

/s/ *Rachelle Sanchez*
Of Counsel