FILED

2018 Apr-04  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **ALICE WESTBROOK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number |
| **vs.** | ) | **3:17-cv-534-AKK** |
| | ) | |
| **NASA FEDERAL CREDIT** | ) | |
| **UNION, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>SCHEDULING ORDER</u>

This Order governs further proceedings in this action unless modified for good cause shown.  It is hereby ORDERED as follows:

This case is:    **<u>Jury</u>**.

1.    **EXTENSIONS FOR THE DEADLINES SET FOR DISCOVERY CUTOFF AND DISPOSITIVE MOTIONS WILL NOT BE EXTENDED ABSENT EXTRAORDINARY CAUSE SHOWN.**

2.    **Discovery:**  All discovery is to be commenced in time to be completed by **<u>August 30, 2018</u>**.  The parties are directed to Appendix IV, which outlines the court's procedures for resolving discovery disputes.

3.    **Initial Disclosures**: To the extent the parties have not already done so, the information required by Fed. R. Civ. P.  26 by **<u>April 12, 2018</u>**.

4.     **Electronically Stored Information**:   To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs.  A requesting party may obtain relevant, nonprivileged, electronic information in a format other than PDF or hardcopy only upon agreement by the parties or a showing of substantial need to the court for such information in that format.  The parties agree to the entry of an order regarding claims of privilege or of protection with respect to the inadvertent production of any privileged material that will allow the producing party to claw back such inadvertently produced document and will further require that such party produce a privilege log as to any such document.

5.     **Limitations on Interrogatories:**  Maximum of **25** interrogatories by each party to any other party.  Responses due 30 days after service.

6.     **Limitations on Requests for Production:**  Maximum of **25** requests for production to any other party.  Responses due 30 days after service.

7.     **Limitations on Requests for Admission:**  Maximum of **25** requests for admission by each party to any other party.  Responses due 30 days after service.

8.     **Limitations on Depositions:**   Maximum of **10** depositions by plaintiff and **10** by defendants.  Each deposition is limited to a maximum of **5**

hours, unless extended by agreement of the parties or order of the court.

9.      **Reports from retained experts under Fed. R. Civ. P. 26(a)(2)**, if

any:  Due from plaintiff by **June 30, 2018**, and from defendants by **July 30, 2018**.

10.      **Supplementation of disclosures and discovery under Fed. R. Civ.**

**P. 26(e) are due** as soon as reasonably possible after new information is

discovered, but no later than **30** days from the close of discovery.

11.      **Parties and Pleadings:** Plaintiff is allowed until **May 30, 2018**, to

join additional parties and to amend the pleadings.  Defendants are allowed until

**June 15, 2018**, to join additional parties and amend the pleadings.[1]

Unless the party's pleading may be amended as a matter of course pursuant

to Fed. R. Civ. P. 15(a), the party must file a Motion for Leave to Amend.  Such

Motion for Leave to Amend shall state, specifically, those matters the party wishes

to add or delete and shall contain, attached as an exhibit, the complete and

executed Amended Complaint or Amended Answer, which is suitable for filing.

The Motion for Leave to Amend, with the attached amended pleading, shall be

served in accordance with Fed. R. Civ. P. 5.

12.      **Dispositive Motions:**  All potentially dispositive motions should be

filed by **September 30, 2018.   Appendix II attached hereto sets forth the**

---

[1]Any Amended Complaint must comply with Fed. R. Civ. P. 8(a), 10(b) and 11(b).

briefing and submission requirements of summary judgment motions for all parties.  The court will not issue a briefing schedule order upon submission of a dispositive motion.  Appendix III attached hereto governs Non-Summary Judgment Motions.  The parties are expected to follow the directions set forth in Appendices II and III.

13.     **Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) and lists of deposition designations for trial testimony** must be served and filed **30** days prior to trial.[2]  The parties shall have **10** days after service of final lists of witnesses and exhibits to file objections under Fed. R. Civ. P.  26(a)(3).

14.     **Motions in Limine:** All motions in limine should be filed **15** days prior to trial**.**

15.     **Additional Conferences: Final Pretrial Conference will be held on November 16, 2018, at 10:00  a.m. at the Hugo L. Black, U. S. Courthouse in Birmingham, Alabama.**  Counsel must submit a proposed Pretrial Order in Word Perfect format to the court via email at kallon_chambers@alnd.uscourts.gov at least four business days in advance of their conference.  A sample of a proposed Pretrial Order is available on the chambers web site

---

[2]Unless specifically agreed by the parties or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness not so listed. The listing of a witness does not commit the listing party to have such witness available at trial or to call such witness to testify, but does preclude the listing party from objecting to the presentation of such witness' testimony by another party.

(www.alnd.uscourts.gov/Kallon/Kallonpage) to illustrate the format preferred by the court and also to provide additional guidance and instructions.

16. **Mediation:**  Unless a party objects, on **July 30, 2018**, the court will issue an order referring this case to mediation.[3]  A party may object to the referral to mediation – and in that event the court will not issue the mediation order – by corresponding with the court's chambers on or before **July 23, 2018**.  An order sending the parties to mediation does not operate as a stay of the proceedings.[4]  If the case is sent to mediation, the court will not delay any deadlines set in this Order; specifically, the deadlines set for discovery cutoff and for filing dispositive motions will not be extended.

17. **This case is set for trial December 17, 2018 at 9:00 a.m. at the U. S. Post Office and Courthouse in Decatur, Alabama**.

**Estimated trial time: 2 days**.

18. **Marking of Exhibits:**  Each party that anticipates offering as substantive evidence as many as <u>six</u> (6) exhibits shall pre-mark such exhibits in advance of trial, using exhibit labels and exhibit lists available from the Clerk of the Court.  By the time the case is scheduled for trial, a copy of the exhibit list

---

[3]The order does not set a date certain for mediation.  Rather, the parties are ordered to complete mediation by the date provided within the order referring this case to mediation.

[4]Although the Northern District of Alabama's ADR Plan provides for a stay of proceedings during mediation (ADR Plan IV.B.4.), this court does not stay the proceedings for mediation.

shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial **shall not** ordinarily be interrupted for opposing counsel to examine a document that has been so identified and made available for inspection.

DONE this 4th day of April, 2018.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

# APPENDIX II

## SUMMARY JUDGMENT REQUIREMENTS

> ### NOTICE
> This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to summary judgment motions.  **These instructions *must* be followed explicitly**. **Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken**.

## SUBMISSION DATES

The parties to the above-styled action have received or will receive a deadline for the filing of dispositive motions.  Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline.  The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed.  The movant's reply submission shall be filed not later than 11 days after the date on which the opponent's responsive submission was due.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* cause copies of briefs and evidentiary materials to be delivered to opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## SUBMISSIONS

The parties' submissions in support of and opposition to summary judgment motions must consist of:  (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies.  More detailed requirements for these submissions are explained in the following sections.

## REQUIREMENTS FOR BRIEFS

### A.    Format

Initial and response briefs are limited to thirty (30) pages.  Reply briefs are limited to ten (10) pages.  Briefs that exceed twenty (20) pages must include a table of contents that accurately reflects the organization of the document.  The table of contents is not included in the page limit.  The text of briefs must be double spaced (except for quotations exceeding fifty (50) words, which may be block indented from the left and right margins and single spaced) using fourteen (14) point typeface, preferably Times New Roman.

### B.    Number Submitted

The parties must file the original brief with the Clerk of Court or electronically using the CM/ECF system.  For those filing a physical brief (i.e., *pro se* litigants or parties filing briefs under seal) with the Clerk of Court, the

parties must simultaneously **submit** to the Clerk's Office, for delivery to the court's chambers by the Clerk, an exact copy of the original, clearly identified as a "courtesy copy," *three-hole punched and securely bound by three-ring binder* for ease of use, *and*, to prevent inadvertent loss of pages.[5]  Electronic filers shall submit to the Clerk's Office for delivery to chambers an exact "courtesy copy" of the brief, which includes the CM/ECF case, document, date, and page stamp on each page, that same day or, if after hours, by noon the next business day.  All parties shall also e-mail to the court's chambers a copy of their brief in **WordPerfect format** at kallon_chambers@alnd.uscourts.gov.

C.     **Manner of Stating Facts**

**The court no longer requires the parties to state their facts in numbered paragraphs or to respond "admit" and "deny" to each other's numbered paragraphs.**  Nonetheless, all briefs submitted either in support of or in opposition to a motion must begin with a statement of allegedly undisputed relevant material facts.  Counsel must state facts in clear, unambiguous, simple, declarative sentences.  All statements of fact must be supported by specific reference to evidentiary submissions, including page and line citations for depositions.  Opposing and reply briefs that take issue with a party's alleged

---

[5] This requirement applies as well to the parties' evidentiary materials in support of their respective positions.

undisputed facts must also cite to the specific page and line of a deposition or the specific portion of the evidentiary record that purportedly contradicts the alleged undisputed fact.  Any statements of fact that are disputed by either party must be followed by a specific reference, by page and line, to those portions of the evidentiary record upon which the dispute is based.  *All additional material facts set forth in the response will be deemed to be admitted for summary judgment purposes unless controverted by the reply*.

**The court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements.**

## REQUIREMENTS FOR EVIDENTIARY MATERIALS

The parties must file electronically or with the Clerk of Court, simultaneously with their briefs, all evidentiary materials (*e.g.*, affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions, except those materials included in the moving party's initial evidentiary submission may be referenced by any party opposing the motion, without re-submitting additional copies of the same documents.

While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume the court will consider such materials.  A specific reference must include the exhibit

number, page, and, when appropriate, the line number.

## A.     Organization

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included:  e.g., "Plaintiff's Exhibit 1, the Deposition of John Jones."  For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (i.e., "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.[6]  **Counsel are directed to submit entire depositions, even if relying only on excerpts**, in travel transcript format consisting of no more than four pages of deposition text per 8½ by 11 page.

---

[6] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41."  The court does not, however, require any specific form as long as specific page references are used.

# APPENDIX III

# NON-SUMMARY JUDGMENT MOTION SCHEDULING ORDER[7] AND SUBMISSION GUIDELINES

The court recognizes that a number of motions filed with the court do not require additional briefing before the court takes them under consideration. However, to the extent the parties determine that briefing is necessary on a non-summary judgment motion, or to the extent the court orders briefing on a non-summary judgment motion, this order establishes the schedule and requirements for the submission of such.  Except for good cause shown, briefs that do not conform to the requirements of this Order will be stricken.

## A.    Schedule

1.   Upon the filing of any non-summary judgment motion, the movant shall either incorporate into the motion the arguments and/or authorities upon which it relies or *simultaneously* file a separate brief with its initial motion.

2.   The opponent's responsive brief shall be filed not later than **seven (7) calendar** days thereafter, unless otherwise ordered by the court.  (NOTE: If the due date falls on a weekend or court holiday, the due date shall be the next business day.)

---

[7] NOTE: The following instructions do not apply to summary judgment motions unless an order of the court specifically provides otherwise.  Any motion(s) for summary judgment filed in this action shall be governed by the provisions of Appendix II to the Uniform Initial Order, which can be viewed on the court's website at http://www.alnd.uscourts.gov/Kallon/KallonPage.htm.

3. The movant's reply brief shall be filed not later than **three (3) calendar** days after the date on which the opponent's responsive brief was due, unless otherwise ordered by the court. (NOTE: If the due date falls on a weekend or court holiday, the due date shall be the next business day.)

The parties shall transmit their briefs in such a manner that their opponents will not suffer any undue delay in the receipt of their service copies of any briefs. It is the intent of the court that each party shall be afforded a full and fair opportunity to be heard, and counsel are expected to take care that service of copies is not unreasonably delayed.[8] Upon conclusion of the submission schedule, the court may take the motion under submission without further notice to the parties, and materials submitted after the close of the submission schedule will not be considered in ruling on the motion absent obtaining leave of court.

## B.    Briefs

The parties shall *electronically file* their briefs through the court's CM/ECF system and shall submit an exact courtesy copy of the brief, which includes the CM/ECF case, document, date, and page stamp on each page, to the Clerk's office for delivery to the court's chamber.[9] The parties are then required to email their

---

[8] The opposing party should typically receive a copy of all materials on the same date that the submission is made to the court, but in no event more than one (1) business day later.

[9] Deliveries are no longer accepted in the court's chamber unless prior arrangements have been made.

briefs, in **WordPerfect format**, to the chambers email address at

kallon_chambers@alnd.uscourts.gov.  The courtesy copy submitted to the Clerk's

office for delivery to the court's chamber, as well as files sent via email, shall

contain the exact same materials and only the materials which are electronically

filed through the court's CM/ECF system.  There must be no differences between

the electronically "filed" briefs and the "courtesy copy" provided to the court,

except that the courtesy copy submitted for the court's chamber *must* be three-hole

punched and securely bound by a three-ring binder for ease of use and to prevent

inadvertent loss of pages.   In the event of a later appeal, the court will look

unfavorably upon motions to supplement the record on appeal to add materials on

the ground that such materials were submitted to the court but were not

electronically "filed" with the Clerk.

  Briefs should be entitled "[Movant's or Opponent's] [Initial, Responsive, or

Reply] Submission, and if applicable, "[In Response to (document title)]" to

ensure that the brief will be filed by the Clerk in the official court record.  Briefs

exceeding twenty (20) pages in length shall have incorporated therein a table of

contents that accurately reflects the organization of the brief.  Tables of Contents

shall not be included for purposes of computing the number of pages in a brief.

  **1.  Page Limitation – Dispositive motions other than summary**

   **judgment (e.g., motion to remand, motion to dismiss)**

Initial and response briefs must be (1) typewritten, (2) double-spaced, (3) in fourteen (14) point type, except footnotes may be in twelve (12) point type, and (4) limited to fifteen (15) pages, exclusive of exhibits.  Reply briefs are limited to five (5) pages.

### 2. Page Limitation – Non-dispositive motions (e.g., motion to compel, motion to quash)

Initial and response briefs must be (1) typewritten, (2) double-spaced, (3) in fourteen (14) point type, except footnotes may be in twelve (12) point type, and (4) limited to ten (10) pages, exclusive of exhibits.  Reply briefs are limited to five (5) pages.

### C. Required Certification

Counsel for either party (or any individual under the direction or control of a party) signing any document, including an affidavit, in connection, either directly or indirectly, with a motion, response, or reply, shall certify by his or her personal signature and as an officer of the court that he or she has affirmatively and diligently sought to submit to the court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of all submissions to ensure that the submissions do not include vague language, an overly broad citation of evidence, or misstatements of the law, and that all

submissions are non-frivolous in nature.

**D.     Oral Argument**

Upon receipt of the motion, the court may schedule the motion for consideration at a separate hearing.  Oral argument is not required, but either party may submit a request for oral argument by serving a request on the court and opposing party.  Requests for oral argument must be separately submitted for delivery to the court's chamber (<u>not</u> filed or requested within the motion or brief). The court will permit oral argument if it appears it is necessary or would be helpful to the motion's expedient and appropriate disposition.

**APPENDIX IV**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**

**DISCOVERY PROCEDURES FOR**
**JUDGE ABDUL K. KALLON**

The following discovery procedures apply to all civil cases assigned to United States District Judge Abdul K. Kallon.

If parties are unable to resolve their discovery disputes without court intervention, Judge Kallon will hold a regular discovery calendar **every Friday, from 3:30 to 5:00 p.m. at the Hugo Black United States Courthouse, 1729 Fifth Avenue North, Birmingham, Alabama**. The parties should confirm the courtroom location with Chambers the day before the hearing.

If a discovery dispute arises, in lieu of filing a written motion, the moving party shall contact Judge Kallon's chambers by e-mail (Kallon_Chambers@alnd.uscourts.gov) and place the matter on the next available discovery calendar. The movant shall contact Chambers no later than noon on the Friday preceding the discovery calendar, and shall do so after conferring with opposing counsel and confirming his or her availability for the discovery calendar.

On the same day that the matter is placed on the discovery calendar, the movant shall provide notice to all relevant parties by filing a Notice of Hearing and serving a copy on opposing counsel through the Court's electronic docketing system.  The Notice of Hearing shall simply identify the substance of the discovery matter to be heard and should not be used to argue the movant's position.  Rather, the movant should simply inform the court of the issues in dispute.  (For example, "Notice of Hearing on Plaintiff's Interrogatory Nos. 1, 4 - 7, and 10.") The movant shall include in this Notice of Hearing a certificate of good faith that complies with F.R.C.P. 37(d)(1)(B).

The movant shall provide Judge Kallon a copy of all source materials relevant to the discovery dispute, including any written exchanges the parties have had, through a scanned PDF document that is e-mailed to the Chamber's in-box (Kallon_Chambers@alnd.uscourts.gov), no later than noon on the Monday preceding the discovery calendar.  (For example, if the dispute concerns interrogatories, the interrogatories at issue and the response thereto, shall be provided to Judge Kallon's Chambers).  No written response or submission from the non-movant is required.

No written discovery motions, including motions to compel, for protective

order, or related motions for sanctions shall be filed unless directed by the court at the discovery calendar. This procedure is intended to minimize the need for discovery motions.

The court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes. The court may impose sanctions, monetary or otherwise, if the court determines discovery is being improperly sought or withheld in bad faith.