UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **ALICE WESTBROOK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| **v.** | ) |
| | )    Civil Action Number |
| **NASA FEDERAL CREDIT UNION,** | )    **3:17-cv-00534-AKK** |
| *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

Alice Westbrook brings this action asserting a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and various state law tort claims. Doc. 13. The court has for consideration Twenty 4 Seven Recovery, Inc.'s motion to dismiss, doc. 29, which is fully briefed, docs. 32, 33, and ripe for review. For the reasons explained more fully below, the motion is due to be granted solely as to the state law tort claims.

**I. STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

1

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND[1]

Westbrook's late husband was the owner of an automobile financed through NASA Federal Credit Union. Doc. 13 at 2. After her late husband died, Westbrook informed NASA of his death and continued making payments on the automobile. *Id.* at 2-3. Despite the note being current, at NASA's direction, a Twenty Four Seven employee repossessed the automobile roughly five weeks after her husband's death. *Id.* at 3. During the repossession, Westbrook confronted the employee, stating that the automobile was not in default and attempting to retrieve her personal items from it. *Id.* The employee became hostile and refused to allow Westbrook access to the automobile. *Id.* Westbrook had to call the police in order to collect her personal items from the automobile. *Id.* This lawsuit followed.

## III. ANALYSIS

Westbrook pleads claims of negligence (Counts I and IV), wantonness (Count II and V), violation of § 1692f(6) of the FDCPA (Count VII), and invasion of privacy (Count VIII) against Twenty 4 Seven.[2] *Id.* at 4-9. Twenty 4 Seven contends that Westbrook lacks standing to challenge the repossession and has moved to dismiss her claims. Doc. 29.

---

[1] The court recites the facts as alleged in Westbrook's Amended Complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

[2] Westbrook also pleads a conversion claim (Count III), which she concedes is due to be dismissed. Doc. 32 at 3.

### A. The Negligence and Wantonness Claims (Counts I, II, IV, V)

Westbrook's negligence and wantonness claims are based on the repossession of the vehicle and the alleged breach of the peace during the repossession. Doc. 13 at 4-7. A wrongful repossession or a breach of the peace injures the debtor. *See* Ala. Code § 7-9A-625(c). As a non-debtor, Westbrook lacks standing to bring negligence and wantonness claims on these bases against Twenty 4 Seven. *See* doc. 27 at 4. Indeed, in the context of breach of contract and conversion claims over the repossession of a vehicle in similar circumstances, the Alabama Supreme Court has held that the widow and son of a deceased vehicle owner have no standing to assert state law claims arising out of the repossession.[3] *Vest v. Dixie-Midwest Express, Inc.*, 537 So. 2d 13, 14 (Ala. 1988). Alternatively, Westbrook has failed to adequately plead the requisite injury necessary for her negligence and wantonness claims. *See* doc. 13 at 2-7 (pleading only that she had to call the police to retrieve her personal items from the car and that she suffered extreme embarrassment, shame, anxiety, mental distress, and unspecified "other

---

[3] Westbrook's reliance on *General Finance Corp. v. Smith*, 505 So. 2d 1045, 1048 (Ala. 1987), for her contention that a creditor's duty not to breach the peace in the process of repossession extends even to bystanders is unavailing. *Smith* did not address the standing of non-debtors to bring negligence or wantonness claims for a breach of the peace; rather, it simply defined the circumstances under which Alabama law permitted a creditor to repossess collateral without judicial process. *See id.* ("[Alabama law] allows the secured party to proceed without judicial process only if that can be done peacefully (i.e., without risk of injury to the secured party, the debtor, or any innocent bystanders)").

physical and mental damages" as a result). Accordingly, Twenty 4 Seven's motion is due to be granted as to Counts I, II, IV, and V.

**B. The FDCPA Claim (Count VII)**

The FDCPA prohibits debt collectors from

Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Twenty 4 Seven argues that the reasoning of *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868 (11th Cir. 2010), supports its contention that, as a non-consumer,[4] Westbrook lacks standing to bring a FDCPA claim.

Twenty 4 Seven is correct that the *Johnson* court held that a plaintiff who was not a borrower or otherwise obligated on the loan lacked Article III standing under the FDCPA because she was not a borrower and therefore did not suffer an injury in fact. *Id.* at 873-74. The court also considered the prudential requirements for standing and found that the plaintiff failed to establish that she was in the "zone of interests" protected by the FDCPA. *Id.* at 874. Still, *Johnson* is an unpublished

---

4 Relevant here, a "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Westbrook does not contend that she is a consumer.

case, and a subsequent published decision appears to contradict its reasoning.

In *Miljkovic v. Shafritz & Dinkin, P.A.*, the Eleventh Circuit held that §§ 1692d-1692f apply "to a debt collector's communications with persons other than the consumer." 791 F.3d 1291, 1302 (11th Cir. 2015). The Eleventh Circuit did not rule explicitly in *Miljkovic* or subsequently whether this holding extends to a debt collector's non-communicative conduct, such as repossessing a vehicle. However, in deciding *Miljkovic*, the Circuit noted that, while § 1692f "does not expressly state that it protects 'any person,'" its "broad language coupled with its illustrative examples of violative conduct support the conclusion that § 1692f applies whether the unfair and unconscionable means are employed against consumers or non-consumers." 791 F.3d at 1301. The court observed that "[s]ection 1692f(5), for example, bars debt collectors from '[c]ausing charges to be made to *any person* for communications by concealment of the true purpose of the communication.'" *Id.* (emphasis in original). Had the *Miljkovic* court intended to exclude non-communicative conduct from its holding, it would have made little sense for it to cite to statutory language prohibiting non-communicative conduct in support of its holding. *Miljkovic*'s reasoning thus appears to support Westbrook's contention that § 1692f(6) likewise protects non-consumers. Accordingly, Twenty 4 Seven's motion is due to be denied as to Count VII.

## C. The Invasion of Privacy Claim (Count VIII)

Under Alabama law, "[t]he tort of invasion of the right of privacy, insofar as it applies to a creditor and a debtor, is 'the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.'" *Black v. Aegis Consumer Funding Grp., Inc.*, No. CIV. A. 99-0412-P-S, 2001 WL 228062, at *4 (S.D. Ala. Feb. 8, 2001) (citing *Jacksonville State Bank v. Barnwell*, 481 So. 2d 863, 865 (1985); *Liberty Loan Corp. v. Mizell*, 410 So. 2d 45, 47 (1982); *Norris v. Moskin Stores, Inc.*, 132 So. 2d 321, 323-25 (1961)). However, not every effort by a creditor to collect a debt rises to the level of a wrongful intrusion. *Mizell*, 410 So. 2d at 47; *Norris*, 132 So. 2d at 323 ("The mere effort of a creditor . . . to collect a debt cannot without more be considered a wrongful and actionable intrusion"). Indeed, "[a] creditor has and must have the right to take reasonable action to pursue his debtor and collect his debt." *Norris*, 132 So. 2d at 323. It is only "where the creditor takes actions which exceed the bounds of reasonableness" that "the debtor has an action against the creditor for injuries suffered." *Barnwell*, 481 So. 2d at 865-66.

Even assuming that a non-debtor can state a cognizable claim for invasion of privacy, Westbrook has failed to sufficiently plead that Twenty 4 Seven's conduct

7

"exceeded the bounds of reasonableness" so as to "outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Courts have found outrageous conduct on the part of debt collectors where they engage in "systematic campaigns of harassment." *Norris*, 132 So. 2d at 323-24; *see also Barnwell*, 481 So. 2d at 866; *Black*, 2001 WL 228062, at *6. By contrast, in *Sparks v. Phillips & Cohen Assocs., Ltd.*, the court held that a debt collector who conducted a telephone conversation with the 15-year-old plaintiff that left the plaintiff distraught, told another plaintiff that the defendant had "investigated" her, and accused the 15-year-old plaintiff of impersonating her mother on the telephone had not committed an invasion of privacy. 641 F. Supp. 2d 1234, 1253 (S.D. Ala. 2008). "Such slights may well have been impolite, ill-advised and inappropriate, but they plainly do not rise to the level of an intentional interference with any plaintiff's solitude and seclusion," and, as a matter of law, "were not so outrageous as to cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Id.; see also Shuler v. Ingram & Assocs.*, 710 F. Supp. 2d 1213, 1227 (N.D. Ala. 2010), *aff'd*, 441 F. App'x 712 (11th Cir. 2011) (holding single allegedly "abusive and invasive" conversation between debt collector and debtor was not invasion of privacy).

Here, the only conduct Westbrook alleges is that a Twenty 4 Seven

employee attempted to repossess her late husband's automobile, continued to do so despite Westbrook noting that the note was not in default, and "became hostile and would not allow [Westbrook] to enter the Vehicle in order to get her personal items out of it." Doc. 13 at 3. The employee's hostility "may well have been impolite, ill-advised and inappropriate," *see Sparks*, 641 F. Supp. 2d at 1253, but Westbrook has not pleaded any factual allegations that suggest that it was so outrageous as to cause mental suffering, shame, or humiliation to a person of ordinary sensibilities as a matter of law. Accordingly, Twenty 4 Seven's motion is due to be granted as to Count VIII.

## IV. CONCLUSION AND ORDER

For the reasons stated above, Twenty 4 Seven's motion to dismiss, doc. 29, is **GRANTED** in part. The state law claims against Twenty 4 Seven (Counts I-V, VIII) are **DISMISSED WITH PREJUDICE**. Westbrook may proceed with her FDCPA claim (Count VII).

**DONE** the 3rd day of May, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE