# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ALICE WESTBROOK, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 3:17-cv-00534-HNJ |
| | ) |
| NASA FEDERAL CREDIT UNION; | ) |
| TWENTY 4 SEVEN RECOVERY, | ) |
| INC., | ) |
| | ) |
|    Defendant. | |

### DEFENDANT TWENTY 4 SEVEN RECOVERY, INC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendant Twenty 4 Seven Recovery, Inc. ("Defendant") submits this Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.

In order for Plaintiff to recover on her sole remaining claim in this lawsuit alleging wrongful repossession under the Fair Debt Collection Practices Act (FDCPA), she must prove: (1) that Defendant took or threatened to take nonjudicial action (2) to effect dispossession or disablement of property (3) where Defendant had no present right to possession of the property claimed as collateral through an enforceable security interest. *See* 15 U.S.C. § 1692f(6)(a).

1

While it is undisputed that Defendant took nonjudicial recourse in repossessing the vehicle of Plaintiff's late husband, Plaintiff does not dispute that: a) she lacked an ownership interest in the vehicle at the time it was repossessed; b) that the loan entered into to purchase the vehicle was properly put into default by the credit union; c) that the repossession order received by the Defendant was valid; or d) that Defendant had a present right to possession which it claimed through an enforceable security interest.

These facts entitle Defendant to summary judgment under the FDCPA and the law of the 11th Circuit interpreting the Act. Plaintiff argues that the FDCPA does not require her to be the owner of the property that is repossessed in order to support her claim. In Eke v. FirstBank Florida, et al., the U.S. District Court for the Southern District of Florida rejected that argument and dismissed a plaintiff's FDCPA claim because "[n]owhere in the Amended Complaint does he identify any secured property in which *he* has an interest that is subject to protection under § 1692f(6), nor does Plaintiff allege that his rent payments somehow gave *him* an interest in the property." 779 F. Supp. 2d 1354, 1360 (S.D. Fla. 2011). Furthermore, Plaintiff does not offer any evidence demonstrating that her late husband's loan was not in default under the terms of the loan agreement or that the repossession order giving the Defendant the right to present possession was invalid. See Fenello v. Bank of Am., N.A., 926 F. Supp. 2d 1342, 1351 (N.D. Ga.

2013), aff'd sub nom. Fenello v. Bank of Am., NA, 577 F. App'x 899 (11th Cir. 2014) (granting loan servicer's 12(b)(6) motion to dismiss FDCPA claim because "[p]laintiffs fail to allege any facts to support that [loan servicer] does not have a present right to possession of the Property").[1]

Instead, Plaintiff puts all her eggs in the "breach of the peace" basket, which, she argues, resulted in Defendant losing its right to possession of the vehicle. First, Plaintiff cites no Eleventh Circuit law to support her argument that breaching the peace somehow causes a party with an enforceable security interest and the right to present possession to lose that interest or right to possession.[2] Second, the facts Plaintiff cites in her brief fall far short of constituting a breach of the peace under Alabama law.

What are Plaintiff's facts? She relies primarily on the testimony of her son, who was present during the repossession and who said it was "like a slap in the face;" that the tone of the conversation during the repossession got "kind of heated"; that he "felt like just punching [Defendant's agent] in the nose"; and that

---

[1] Contrary to Plaintiff's argument in her brief, Defendant is not arguing that her claim is meritless because she lacks standing. Defendant's point is that she had no personal ownership in the vehicle, which is a required element under the FDCPA §1692f(6).

[2] Instead, most of the cases Plaintiff cites to are either not FDCPA cases or involve a breach of the peace in a confrontation with the *debtor*. While they admittedly constitute persuasive authority only, Defendant refers the Court to page 14 of its principal brief wherein it cites cases from other circuits holding that a breach of the peace does not abrogate the right to present possession.

the repossession was "pissing [Plaintiff's son] off."³  What Plaintiff's son felt on the inside is not the objective measure of whether a breach of the peace has occurred under Alabama law.⁴

Meanwhile, *Plaintiff* conceded in her deposition that during her encounter with Defendant's driver, the latter was "very professional," "was just there to do his job," "wasn't there to cause [Plaintiff] any harm" and that Plaintiff "didn't feel threatened in any way."⁵  While not dispositive, it is worth noting that the responding Dora police officer did not arrest Defendant's agent for breach of the peace or issue any type of citation to him. Moreover, even accepting Plaintiff's facts as true, she has cited to no Alabama statute or case suggesting that the Defendant's agent's conduct rises to the level of a breach of the peace under Alabama law.⁶

---

³   Doc. 39-7, p. 17; Doc. 39-9.

⁴   Plaintiff's argument that because Defendant's agent came on to her property without her permission constitutes a breach of the peace also falls flat. As Plaintiff's own brief cites, it is not unlawful for a secured party to repossess collateral as long as it does not breach the peace in doing so.  See Code of Ala. § 7-9A-609.  Further, Plaintiff has offered no evidence that she was the owner of the land, much less the sole owner of the land.

⁵   Doc. 39-2, pp. 11-12.

⁶   Plaintiff emphasizes that Defendant's agent, Michael Sproules, testified in his deposition that a breach of the peace had occurred during the repossession.  A lay person is not qualified to make conclusions of law.  See Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990) (citing United States v. Poschwatta, 829 F.2d 1477, 1483 (9th Cir.1987) ("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law").

Furthermore, no reasonable juror could find that the conduct of Defendant's agent rose to the level of manifesting "force or violence, or naturally calculated to provide for breach of the peace." Madden v. Deere Credit Servs., Inc., 598 So. 2d 860, 865 (Ala. 1992).[7]

In conclusion, as the Defendant noted in its opening brief, § 1692f(6) is intended to prevent enforcers of security interests from dispossessing individuals of their property without a present right of possession. Here, Plaintiff does not dispute that Defendant held a valid security interest in the vehicle that was repossessed and had a present right of possession because the loan was in default.

For these reasons and those provided in its underlying motion, Defendant respectfully requests that the Court enter a summary judgment on the sole remaining claim in this lawsuit.

/s/  *Sanford G. Hooper*
One of the Attorneys for Defendant
Twenty 4 Seven Recovery, Inc.

OF COUNSEL:
Sanford Hooper
*shooper@lightfootlaw.com*
Rachelle E. Sanchez

---

[7] Plaintiff alleges that Defendant's conduct rose to the level of "unfair and unconscionable means to collect or attempt to collect a debt"; however this is not the standard under § 1692f(6), which is intended only to prevent the collection of secured collateral absent a present right to possession. See Warren v. Countrywide Home Loans, Inc., 342 Fed.Appx. 458, 460 (11th Cir. 2009) (holding that the "term 'debt collector' expands for purposes of § 1692f(6)" only to include repossession agents) (emphasis added); Kaltenbach v. Richards, 464 F. 3d 524, 527 (5th Cir. 2006) (holding that repossession agents "are subject only to [§ 1692f(6)] and not to the rest of the FDCPA.") (quoting Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (1988) (December 13, 1988)). Even if this were the standard, no reasonable juror would find that the undisputed facts relating to this repossession were unfair or unconscionable.

*rsanchez@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record through the Court's electronic filing system this 30th day of October, 2018:

Whitney Seals
Pate & Cochrun, LLP
PO Box 10448
Birmingham, AL 35202
Telephone: (205) 323-3900
Fax: (205) 323-3906
whitney@plc-law.com
*Attorney for Plaintiff*

John Hubbard
John Hubbard, LLC
PO Box 953
Birmingham, AL 35201
Telephone: (205) 378-8121
jch@jchubbardlaw.com
*Attorney for Plaintiff*

                                                             */s/ Sanford G. Hooper*
                                                             Of Counsel